ANGELA H. DOWS, ESQ.
Nevada Bar No. 10339
adows@crdslaw.com
CORY READE DOWS & SHAFER
1333 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89128
Telephone: (702) 794-4411
Facsimile:  (702) 794-4421
Attorney for Defendant Susan Cope

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-cr-00266-APG-VCF-3 |
| Plaintiff, | |
| v. | **STIPULATION TO CONTINUE MOTIONS DEADLINE ONLY** |
| SUSAN COPE, | (Eleventh Request) |
| Defendant. | |

IT IS HEREBY STIPULATED by and between Jason M. Frierson, United States Attorney, as well as Jean N. Ripley, Assistant United States Attorney, Counsel for the United States of America; and Angela H. Dows, Esq., counsel for Defendant SUSAN COPE, that the pretrial motions and notices of defense deadline, currently set for October 28, 2022 be continued to November 28, 2022.

This is the eleventh overall request for a continuance in this case, and the fourth overall request by instant counsel for Defendant SUSAN COPE.  One or more prior requests by instant counsel were for a continuance of the motions/notices of defense deadline only.  This Stipulation is entered into based upon the following:

1. In August of 2022, Defendant Susan Cope filed and later withdrew a motion for determination of her mental competency, with the potential to re-raise said motion

depending upon the results of an evaluation of the client, if conferred. (*See* ECF No. 330.)

2. In September and October of 2022, instant counsel in part has undertaken efforts to locate and obtain approval for a psychologist by which to evaluate Susan Cope. Instant counsel submitted file documents as of October 20, 2022 to the approved expert for review, without revealing the communications and/or basis for hiring the expert.

3. The expert is expected to produce a report within 30 days time, however not prior to the current deadline for motions and notices of defense of October 28, 2022.

4. Instant counsel asserts that it would be prudent if not necessary to review the results of Defendant Susan Cope's evaluation by a psychologist prior to the filing of pretrial motions and/or notices of defense.

5. The decision of whether to proceed to trial is that of the Defendant, which requires additional levels of conferring in this case due to one or more underlying medical conditions that exist with Defendant Susan Cope.

6. Instant appointed counsel has reviewed the documentary evidence in the case, and is pending trial evidence review and/or compilation in the event that the matter is not resolved in the interim (i.e. the several audio recordings underlying the written summaries already reviewed).

7. Defendant Susan Cope had also applied for and had been denied as of June of 2022 her application into the RISE Court program, and is evaluating options following said denial.

8. The instant stipulation does not request a continuance of calendar call and trial dates.

9. That counsel for Defendant has conferred with her client, who is out of custody and, moreover, does not object to the requested continuance.

10. That the additional time requested herein is not sought for purposes of delay, but merely to allow the parties sufficient time by which to investigate, research, respond and litigate any pretrial motions and/or defenses deemed necessary prior to trial.

11. The additional time requested by this stipulation does not request an extension of the time of trial. To the extent applicable, the period requested to continue the matter serves the ends of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B).

12. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii) denial of this request for continuance would result in a miscarriage of justice, as additional time is needed by which to effectively and thoroughly research and prepare for trial within the time limits established by 18 U.S.C. §3161, taking into account the exercise of due diligence.

13. For all the above-stated reasons, the ends of justice would best be served by a brief continuance of the pretrial motions and notices of defense deadline.

DATED this 24th day of October, 2022.

| | |
|---|---|
| JASON M. FRIERSON<br>United States Attorney<br>By: */s/ Jean N. Ripley*<br>JEAN N. RIPLEY<br>Assistant United States Attorney<br>Counsel for Plaintiff | CORY READE DOWS & SHAFER<br>By: */s/ Angela H. Dows*<br>ANGELA H. DOWS, ESQ.<br>Appointed Counsel for Defendant<br>Susan Cope |

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 2:15-cr-00266-APG-VCF-3 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FINDINGS OF FACT,** |
| | ) | **CONCLUSIONS OF LAW, AND** |
| SUSAN COPE, | ) | **ORDER THEREON** |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT**

Based on the pending Stipulation of the parties, and good cause appearing therefore, the Court finds that:

    1.    Defense counsel requires a continuance of the motions and notices of defense deadline in order to review and research the case in light of recent issues that have arisen as to Defendant Susan Cope's competency and/or mental health.

    2.    The parties also request additional time to effectively represent their clients in appropriately preparing the case for trial, and thus request an extension of the trial date and related calendar call date.

    3.    Defendant is out of custody, and does not object to the continuance.

## CONCLUSIONS OF LAW

1. The additional time requested by this stipulation does not extend the time of trial. The period was previously found excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B).

2. Denial of this request for continuance would result in a miscarriage of justice, as additional time is needed by which to review the case, in a case involving charges of Conspiracy to Distribute a Controlled Substance (Oxycodone) pursuant to 21 U.S.C. § 846.

3. Denial of this request for continuance would also deny the parties herein sufficient time and the opportunity within which to effectively and thoroughly research and prepare for trial within the time limits established by 18 U.S.C. §3161, taking into account the exercise of due diligence. For the above-stated reasons, the ends of justice would best be served by a continuance, and such continuance outweighs the best interests of the public and the defendants in a speedy trial.

## ORDER

IT IS THEREFORE ORDERED that the parties shall have to and including November 28, 2022 within which to file any and all pretrial motions and notices of defense.

IT IS SO ORDERED.

Dated: October 26, 2022.   _____
UNITED STATES DISTRICT JUDGE