1  ANGELA H. DOWS, ESQ.
   Nevada Bar No. 10339
2  adows@crdslaw.com
   CORY READE DOWS & SHAFER
3  1333 North Buffalo Drive, Suite 210
   Las Vegas, Nevada 89128
4  Telephone: (702) 794-4411
   Facsimile: (702) 794-4421
5  Attorney for Defendant Susan Cope

6                    UNITED STATES DISTRICT COURT

7                         DISTRICT OF NEVADA

8                                  ***

9

10  UNITED STATES OF AMERICA,              )
                                           )   2:15-cr-00266-APG-VCF-3
11                      Plaintiff,         )
                                           )
12   v.                                    )   **STIPULATION TO CONTINUE**
                                           )   **MOTIONS DEADLINE ONLY**
13  SUSAN COPE,                            )   (Thirteenth Request)
                                           )
14                      Defendant.         )
    _____       )
15

16        IT IS HEREBY STIPULATED by and between Jason M. Frierson, United States

17  Attorney, as well as Jean N. Ripley, Assistant United States Attorney, Counsel for the United

18  States of America; and Angela H. Dows, Esq., counsel for Defendant SUSAN COPE, that the

19  pretrial motions and notices of defense deadline, currently set for November 28, 2022 be

20  continued to January 13, 2023.

21        This is the thirteenth overall request for a continuance in this case, and the sixth overall

22  request by instant counsel for Defendant SUSAN COPE.  One or more requests by instant

23  counsel were for a continuance of the motions/notices of defense deadline only.  This Stipulation

24  is entered into based upon the following:

25

26        1.    On November 30, 2022, Defendant Susan Cope signed a plea agreement.

27        2.    Said plea agreement was forwarded to this Court on December 2, 2022, and is set

28

for a change of plea hearing on January 4, 2023.  (*See* ECF No. 335.)

3. That defense counsel requests vis the instant stipulation a continued deadline for the filing of pretrial motions and/or notices of defense until after the set date for the change of plea hearing, in the unlikely event that the Defendant does not enter a guilty plea with this Court during and/or following the conclusion of the change of plea hearing.

4. That defense counsel does not have a current belief that a guilty plea will not be formally entered, however does not want to waive the client's substantial rights to motion practice and/or one or more affirmative defenses prior to the acceptance of the guilty plea with the Court.

5. The instant stipulation does not request a continuance of calendar call and trial dates.

6. That counsel for Defendant has conferred with her client, who is out of custody and, moreover, does not object to the requested continuance.

7. That the additional time requested herein is not sought for purposes of delay, but merely to allow the parties sufficient time by which to investigate, research, respond and litigate any pretrial motions and/or defenses deemed necessary prior to trial, and after the change of plea hearing.

8. The additional time requested by this stipulation does not request an extension of the time of trial.  To the extent applicable, the period requested to continue the matter serves the ends of justice and outweighs the best interest of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B).

9. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii) denial of this request for

2

continuance would result in a miscarriage of justice, as additional time is needed by which to effectively and thoroughly research and prepare for trial within the time limits established by 18 U.S.C. §3161, taking into account the exercise of due diligence.

10.     For all the above-stated reasons, the ends of justice would best be served by a brief continuance of the pretrial motions and notices of defense deadline.

DATED this 2nd day of December, 2022.

| | |
|---|---|
| JASON M. FRIERSON | CORY READE DOWS & SHAFER |
| United States Attorney | By: */s/ Angela H. Dows* |
| By: */s/ Jean N. Ripley* | ANGELA H. DOWS, ESQ. |
| JEAN N. RIPLEY | Appointed Counsel for Defendant |
| Assistant United States Attorney | Susan Cope |
| Counsel for Plaintiff | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:15-cr-00266-APG-VCF-3 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>FINDINGS OF FACT,</u>** |
| | ) | **<u>CONCLUSIONS OF LAW, AND</u>** |
| SUSAN COPE, | ) | **<u>ORDER THEREON</u>** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>FINDINGS OF FACT</u>

Based on the pending Stipulation of the parties, and good cause appearing therefore, the Court finds that:

1.      Defense counsel requires a continuance of the motions and notices of defense deadline in order to determine whether a guilty plea will be accepted and entered with this Court prior to the expiration of the pretrial motions and notices of defense deadline.

2.      The parties also request additional time to effectively represent their clients in appropriately preparing the case for trial.

3.      Defendant is out of custody, and does not object to the continuance.

**CONCLUSIONS OF LAW**

1.     The additional time requested by this stipulation does not extend the time of trial. The period was previously found excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, specifically 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B).

2.     Denial of this request for continuance would result in a miscarriage of justice, as additional time is needed by which to review the case, in a case involving charges of Conspiracy to Distribute a Controlled Substance (Oxycodone) pursuant to 21 U.S.C. § 846.

3.     Denial of this request for continuance would also deny the parties herein sufficient time and the opportunity within which to effectively and thoroughly research and prepare for trial within the time limits established by 18 U.S.C. §3161, taking into account the exercise of due diligence.  For the above-stated reasons, the ends of justice would best be served by a continuance, and such continuance outweighs the best interests of the public and the defendants in a speedy trial.

**ORDER**

IT IS THEREFORE ORDERED that the parties shall have to and including January 13, 2023 within which to file any and all pretrial motions and notices of defense.

IT IS SO ORDERED.

Dated:  December  5    , 2022.     _____

UNITED STATES DISTRICT JUDGE